[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 1206.]

MCNAMARA ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* CITY OF RITTMAN, APPELLEE AND CROSS-APPELLANT.

[Cite as *McNamara v. Rittman*, 1999-Ohio-454.]

*Appeal and cross-appeal dismissed as improvidently allowed.*

(No. 98-366—Submitted February 24, 1999—Decided April 7, 1999.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Wayne County, No. 97CA0003.

_____

*Steve J. Edwards* and *Andrew Hyde*, for appellants and cross-appellees.

*Baker, Dublikar, Beck, Wiley & Mathews, Jack R. Baker* and *Mel L. Lute, Jr.*, for appellee and cross-appellant.

*Barry M. Byron, Stephen L. Byron* and *John Gotherman*, urging affirmance for *amicus curiae*, Ohio Municipal League.

_____

{¶ 1} The appeal and cross-appeal are dismissed, *sua sponte*, as having been improvidently allowed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

PFEIFER and COOK, JJ., dissent separately.

_____

PFEIFER, J., dissenting.

{¶ 2} This case involves over fifty homeowners whose water wells were adversely affected by the city of Rittman's pumping of groundwater during the operation of its municipal wellfield. The question in the case is whether the city's water pumping was a "discretionary function," entitling the city to immunity from liability pursuant to R.C. 2744.03(A)(3) and (5). While I believe that Ohio's

sovereign immunity statutes are unconstitutional for the reasons stated in my concurring opinion in *Garrett v. Sandusky* (1994), 68 Ohio St.3d 139, 141, 624 N.E.2d 704, 706, even under those statutes the city does not enjoy immunity in this case. R.C. 2744.03(A) states:

"(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

"* * *

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶ 3} Everything that government does is the result of some official's or employee's decision to act. However, not everything that flows from that decision is entitled to immunity under the statute. The appellate court held that the establishment and operation of a wellfield are a part of the city's discretionary function. There is protection for the policy decisions concerning creating and maintaining a system — but for the day-to-day operation of the facilities there is not. This court has already held in *Hill v. Urbana* (1997), 79 Ohio St.3d 130, 679 N.E.2d 1109, that the operation of a municipal water supply system is a proprietary function and that a municipality may be liable for negligence in the operation thereof. Simply stated, if something goes wrong during the operation of the system, the city can be liable. In *Hill*, the wrong was an injury to a person repairing the system; here the alleged wrong is the dewatering of the plaintiffs' wells.

{¶ 4} The city was not immune from liability in this case. Moreover, the plaintiffs' claim of unreasonable harm to their water rights sufficiently established the negligent performance of a proprietary function necessary to set forth a claim under R.C. 2744.02(B). This case should have survived summary judgment.

————————————

**Cook, J., dissenting.**

{¶ 5} I would affirm the judgment of the court of appeals by adopting its opinion.

————————————